UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| RYAN TENNEBAR, | : | Case No. 1:22-cv-403 |
| Petitioner, | : | |
| vs. | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Stephanie K. Bowman |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

# REPORT AND RECOMMENDATION

Ryan Tennebar filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 11, 2022. (Doc. 1). The Petition names the United States of America as respondent. (*Id.*). On August 15, 2022, the Undersigned issued a Deficiency Order (Doc. 2) ordering Petitioner to pay the $5 filing fee for a habeas corpus petition (or move to proceed without paying the fee) and to file an Amended Petition naming a proper respondent. With respect to the latter instruction, the Deficiency Order said:

> [I]t appears that Petitioner has not named a proper respondent in this action, and it is unclear whether this District Court is the proper place for the Petition to have been filed. In the usual habeas corpus challenge to "present physical confinement," the "immediate custodian" having physical custody of petitioner is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). "Generally this means . . . the warden of the facility where the prisoner is being held." *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010). But, the "party exercising legal control" over a petitioner may be a proper respondent "when there is no immediate physical custodian with respect to the challenged 'custody.'" *Rumsfeld*, 542 U.S. at 439 (discussing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).
>
> In this case, Petitioner is not incarcerated but is on home confinement after his convictions in the United States District Court for the Northern District of Ohio and subsequent release from federal prison. (Doc. 1, PageID 2, 11). *See United States v. Tennebar*, Case Nos. 1:17-cr-176 and 1:19-cr-437 (N.D. Ohio). According to the docket, Petitioner is on home confinement at an address that appears to also be within the Northern District of Ohio.

Petitioner seeks relief in this § 2241 action under the First Step Act of 2018. Some courts have held that the proper respondent in a § 2241 petition seeking relief under the First Step Act is the Bureau of Prisons. *See, e.g., Russell v. Bureau of Prisons*, No. 4:20-cv-1082, 2021 WL 7208910, at *3 (E.D. Ark. Sept. 27, 2021),[1] *report and recommendation adopted as modified*, 2022 WL 604814 (E.D. Ark. Feb. 28, 2022) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000)); *United States v. Doss*, No. 4:09-cr-6, 2022 WL 2359784, at *3 n.3 (W.D. Va. June 30, 2022) (citing *Russell*, 2021 WL 7208910, at *3). *See also Vieth v. Williams*, No. 21-cv-170, 2021 WL 5177567, at *2 (S.D. Ill. Nov. 8, 2021) ("The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. Thus, the BOP is responsible for applying new sentencing credit reforms enacted in December 2018 in the First Step Act.") (internal citations omitted). It does not appear that this District Court, or the Sixth Circuit, has yet addressed this question.

The identity of the named respondent may impact the proper location for filing a § 2241 petition. *See generally Ibrihim v. U.S. Bureau of Prisons*, No. 22-cv-2209, 2022 WL 1632560, at *3 (W.D. Tenn. May 23, 2022) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) ("courts have uniformly held that . . . claims seeking to challenge the execution or manner in

---

[1] This Arkansas District Court said:

For the purposes of challenging his future right to a FSA assessment from the BOP, Russell was in the custody of the BOP. Thus, the proper respondent is the BOP, who Russell alleged was denying him his rights under the First Step Act, *not* Pulaski County Sheriff Higgins, who had immediate physical custody over Russell. *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979) (Arkansas district court lacked habeas jurisdiction over prisoner temporarily located in Arkansas where prisoner was challenging Texas conviction).

The First Step Act is a relatively new statutory scheme and, as the BOP points out, the First Step Act's "Earned Time Credit" program has yet to be fully implemented. *Doc. 21 at 9*. As far as the Court can tell, no federal appellate court has addressed who the proper respondent is in a petition challenging the calculation of, or the right to access, the FSA's "Earned Time Credit." However, the Eighth Circuit has previously held that the BOP can be considered the proper respondent for a petition challenging the calculation of pretrial detention credit. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). In making that determination, the Eighth Circuit noted that the authority to calculate pretrial detention credit had been delegated to the BOP. *Id.* (citing *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992)). Considering the duty to implement, calculate, and grant prisoner's access to the FSA's Earned Time Credit has also been delegated to the BOP, it follows that the BOP is the proper respondent to Russell's petition.

Because neither Russell nor the BOP knew Russell's designated BOP facility when the Petition was filed, the only proper respondent at that time was the BOP itself. However, once Russell was designated to FCI-Yazoo, he could have amended his petition to name the warden of that BOP facility, but he failed to do so.

2. The Court Does Not Possess Personal Jurisdiction Over the Bureau of Prisons.

This Court lacks personal jurisdiction over the BOP because: (1) the BOP did not waive personal jurisdiction; (2) the BOP does not have a regional office in the Eastern District of Arkansas; and (3) Russell's district of confinement is the Southern District of Mississippi, the district where the warden of FCI-Yazoo resides. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) ("[T]he requirement of personal jurisdiction may be intentionally waived."); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (A § 2241 habeas petition challenging the BOP's calculation of time credits must be filed in the district of confinement, the District of Columbia, or any district in which the BOP maintains a regional office.)

> which [a federal] sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."); *Roy v. United States Bureau of Prisons*, No. 2:19-cv-59, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019) (discussing venue for a § 2241 claim brought by a person who was at one point "in BOP custody through the Seattle Residential Reentry Management field office"); *Lallave v. Martinez*, No. 22-cv-791, 2022 WL 2338896, at *3-4 (E.D.N.Y. June 29, 2022) (discussing venue for a § 2241 petition).
>
> Accordingly, Petitioner is **ORDERED** to file an Amended Petition naming a proper respondent over which this Court would have jurisdiction and upon which this Court could order service, **within thirty (30) days** of the date of this Deficiency Order.

(Doc. 2). For his reference, the Clerk of Court sent Petitioner a blank copy of the standard form for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 along with the Deficiency Order. Petitioner was specifically advised at that time "that failure to comply with this Deficiency Order will result in the dismissal of this action for want of prosecution." (Doc. 2, PageID 16).

Petitioner paid the $5 filing fee a few days after the August 15 Deficiency Order was issued. (Doc. 3). But Petitioner did not file an Amended Petition naming a proper respondent, and to date, has not done so. He did not otherwise respond to the Deficiency Order or suggest why amendment was unnecessary.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). The failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b) (applicable under Rule 1(b) and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254).

Because Petitioner failed to fully comply with the Court's August 15, 2022 Deficiency Order, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action for want of prosecution, without prejudice to refiling.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 12, 2022

Stephanie K. Bowman
UNITED STATES MAGISTRATE JUDGE