UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**RYAN TENNEBAR,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Case No. 1:22-cv-403**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## ORDER

This cause comes before the Court on the Magistrate Judge's October 12, 2022, Report and Recommendation ("R&R," Doc. 4). The R&R recommends the Court dismiss this action for failure to prosecute. For the reasons stated briefly below, the Court **ADOPTS** the R&R (Doc. 4), and thereby **DISMISSES** Ryan Tennebar's Petition (Doc. 1) **WITHOUT PREJUDICE**.

On July 11, 2022, Tennebar filed a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he named the "United States of America" as Respondent. (Doc. 1). Tennebar seeks early release from home confinement based on allegedly having earned time credits under the First Step Act while incarcerated at FCI Milan. (*Id.* at #1–2). On August 15, 2022, the Magistrate Judge issued a Deficiency Order in which, among other things, she ordered Tennebar "to file an Amended Petition naming a proper respondent over which this Court would have jurisdiction and upon which this Court could order service, within 30 days[.]" (Doc. 2, #16). For Tennebar's reference, the Magistrate Judge also directed the Clerk to send

him a standard form for a Petition for a Writ of Habeas Corpus. (*Id.*).[1] The Clerk did so.

The designated thirty days passed without an amendment from Tennebar—although he did pay the filing fee on August 19, 2022. (Doc. 3). Then on October 12, 2022, approximately a month after the 30-day deadline, the Magistrate Judge issued her R&R advising the Court to dismiss Tennebar's Petition for failure to prosecute. To date, Tennebar has disregarded the Magistrate Judge's Order to name a proper Respondent.

Besides recommending dismissal for failure to prosecute, the R&R advised Tennebar that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to district court review. (*See* Doc. 4, #21); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, Tennebar needed to object to the R&R by October 29, 2022 (which reflects the extra three days Fed. R. Civ. P. 6(d) requires as the Clerk served the R&R on Tennebar by mail). The time for filing objections has long since passed, and Tennebar has not objected.

---

[1] The Magistrate Judge also questioned whether this Court could even entertain Tennebar's Petition because he is "detained" outside the Court's jurisdiction. (*Id.* at #13–14). After conviction in the Northern District of Ohio, Tennebar served his incarceration at FCI Milan in Michigan, and now appears to be serving a period of home confinement in Brecksville, Ohio. (Doc. 1, #1, 12). However, Tennebar claims his home confinement is under the designation of "RRM Cincinnati," located in the Southern District of Ohio. (*Id.* at #3).

Although Tennebar did not object, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R). Consistent with that, the Court has reviewed the R&R here and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The R&R recommends dismissing Tennebar's Petition for his failure to comply with the Magistrate Judge's Order to amend his Petition and name a proper Respondent. (Doc. 4, #20–21). As the R&R noted, the "United States of America" is not a proper respondent for Tennebar's habeas corpus petition. 28 U.S.C. § 2243; *see also De Los Santos v. United States*, 133 F. App'x 992, 992–93 (6th Cir. 2005). Tennebar must direct his Petition "to the person having custody of the person detained." 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). While some ambiguity exists concerning who may constitute the appropriate "person" for purposes of claims under the First Step Act, *see, e.g.*, *Vieth v. Williams*, No. 21-cv-170, 2021 WL 5177567, at *2–3 (S.D. Ill. Nov. 8, 2021) (suggesting that the United States Bureau of Prisons may be the proper respondent), and *Russell v. Bureau of Prisons*, No. 4:20-cv-1082, 2021 WL 7208910, at *3–4 (E.D. Ark. Sept. 27, 2021) (finding that the United States Bureau of Prisons is the proper respondent), given that the "United States of America" has not waived sovereign immunity under § 2243,

it cannot be a proper habeas respondent. *See De Maris v. United States*, 187 F. Supp. 273, 276 (S.D. Ind. 1960).

In response (or non-response) to the Magistrate Judge's Order, Tennebar has not even attempted to name the correct Respondent. The Court sees no clear error in the R&R's conclusion that Tennebar's protracted failure to comply with the Magistrate Judge's Order means that his case should be dismissed for want of prosecution. *See* Fed. R. Civ. Pro. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

Accordingly, the Court **ADOPTS** the R&R (Doc. 4). As a result, the Court **DISMISSES** Tennebar's Petition (Doc. 1) **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

November 28, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**